**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEETENDRA SHARMA SINGH; et al., | No. 08-74272 |
| Petitioners, | Agency Nos.   A073-402-528 |
| | A073-403-475 |
| v. | A077-379-772 |
| | A077-379-773 |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2013[**]
Resubmitted July 16, 2015
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas S. Zilly, Senior District Judge for the U.S.
District Court for the Western District of Washington, sitting by designation.

Jeetendra Sharma Singh, Meenakshi Sharma, and their two children petition for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

Jeetendra Sharma Singh and his wife Meenakshi Sharma filed fraudulent asylum applications in 1995. They were granted asylum on the basis of those applications. When their fraud was discovered and their asylum terminated, they filed new applications in 2006, requesting asylum, withholding of removal, and CAT relief.

We agree with the IJ and the BIA that the 2006 asylum applications were untimely because they were filed more than one year after petitioners arrived in the United States. 8 U.S.C. § 1158(a)(2)(B). Mr. Singh and Mrs. Sharma were in the United States for over ten years before filing asylum applications in 2006. The fact that they had previously filed fraudulent asylum applications is not an "extraordinary circumstance[]" that would require the BIA to extend this deadline. 8 U.S.C. § 1158(a)(2)(D).

The REAL ID Act applies to this petition because it was filed after the statute's effective date of May 11, 2005. Invoking the requirements of that statute,

2

we hold that substantial evidence supports the IJ's finding that the testimony of Mr. Singh and Mrs. Sharma was not credible. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The IJ correctly noted that Mr. Singh and Mrs. Sharma have a "history of lying repeatedly to the United States Government." The IJ then went on to identify the specific reasons that she found their testimony in support of their asylum application not credible. These included: inconsistencies in their testimony, their limited knowledge of the political party of which they were supposedly leaders, the discrepancies between their statements about the injuries they sustained while incarcerated and the medical records related to those incidents, and their attempt to submit fabricated documents at the asylum hearing. The petitioners cannot point to anything in the record that would compel any reasonable adjudicator to conclude that the IJ's credibility determination was erroneous. *See* 8 U.S.C. § 1252(b)(4)(B).

In the absence of credible testimony, the petitioners' claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).[1]

**PETITION DENIED.**

---

[1] The petitioners do not challenge the IJ's separate reasoning for denying relief to the child applicants Jimmy Sharma and Reteeka Sharma.

3